IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-30-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| STEVE HUMISTON, | |
| Defendant. | |

On March 13, 2014, the Court conducted a revocation hearing under 18 U.S.C. § 3148(b) with respect to the petition filed against Defendant Steve Humiston alleging he violated conditions of his pretrial release. The petition alleges that Defendant failed to comply with both condition 7(a) which required him to maintain or actively seek employment, or participate in an education program, and also condition 7(r) which required him to participate in the Crisis Intervention Program. The petition alleges he has been unemployed, and that he has not participated in an education program.

Defendant was originally arrested on August 6, 2013, in Tacoma, Washington on the charges pending against him in this case. On August 8, 2013,

1

he had his initial appearance before United States Magistrate Judge Karen L. Strombom in the United States District Court, Western District of Washington. Judge Strombom ordered Defendant be released at that time pending his trial in this matter.

On August 9, 2013, the United States moved for an order revoking Defendant's release from custody. As a result, Judge Strombom's order releasing Humiston was stayed (*see* doc. 31 at 1), and on September 10, 2013, District Judge Donald W. Molloy conducted a hearing on the United States' motion to revoke Defendant's release. Following the hearing, by Order entered September 11, 2013, Judge Molloy released Defendant on numerous conditions, including conditions 7(a) and 7(r) referenced in the instant petition.

Upon Defendant's release from custody and return to Tacoma, Washington, Defendant was involuntarily terminated from his job with the United States Postal Service. In addition to losing his job, pretrial services officers informed the Court that Defendant's loss of his employment may have aggravated his mental health conditions, and specifically, may have put Defendant at a higher risk of committing suicide.

During the March 13, 2014 hearing, the Court reviewed two separate mental health evaluations of Defendant's mental health conditions prepared by licensed

professionals. (*See* Docs. 273-1 and 273-2, filed under seal.) In a suicide risk assessment dated January 31, 2014, prepared by a licensed professional employed by the Federal Bureau of Prisons, the evaluator concluded that Defendant's overall risk of suicide was low. (Doc. 273-2 at 1.)

In view of the foregoing, and having considered all of the evidence and information presented to the Court at the March 13, 2014 revocation hearing, the Court enters the following findings and conclusions:

Pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds clear and convincing evidence exists establishing that Defendant violated condition 7(a) of the September 11, 2013 Order releasing him from custody by failing to maintain or actively seek employment, or pursue an education program.

But, under 18 U.S.C. § 3148(b)(2)(A) & (B) the Court does <u>not</u> find either: (1) that there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to another person or the community, nor (2) that Defendant is unlikely to abide by any condition or combination of conditions of release.

To the contrary, having considered all of the factors set forth in 18 U.S.C. § 3142(g), the Court finds those factors weigh in favor of Defendant's release, and the Court deems it appropriate to release Defendant pursuant to 18 U.S.C. §

3142(c). Therefore, IT IS HEREBY ORDERED that Defendant is released from custody subject to all the conditions of release imposed against him as set forth in the release order Judge Molloy entered September 11, 2013. (Doc. 57).

DATED this 13th day of March, 2014.

_____
Jeremiah C. Lynch
United States Magistrate Judge